# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CHAD MORELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-910 ERW |
| | ) | |
| DEPARTMENT OF MENTAL | ) | |
| HEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Additionally, this action is dismissed.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff alleges that he requested copies of his medical records from the Missouri Department of Health. He was told that the Department could not produce the records because they are property of the courts. He argues that this is a violation of Missouri law.

## Discussion

Plaintiff's claim under § 1983 is legally frivolous. Section 1983 holds state actors liable for violations of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Because plaintiff's claims are limited to state law violations, § 1983 is not implicated.

Moreover, the Court lacks jurisdiction to hear plaintiff's state law claims. State law causes of action may only be brought in federal court where diversity jurisdiction exists under 28 U.S.C. § 1332. Diversity jurisdiction does not exist here because both plaintiff and the defendant reside in Missouri.

Finally, to the extent that plaintiff attempts to invoke Rule 26 of the Federal Rules of Civil Procedure, this action is frivolous. Rule 26 only applies to cases where discovery has been authorized by the Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

So Ordered this 2nd day of August, 2016.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE